# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN RAY BROWN,**
        **Petitioner,**

        **v.**                                          **Case No. 10-C-112**

**WILLIAM POLLARD,**
        **Defendant.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

On February 9, 2010, John Ray Brown ("Brown"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition were a motion for leave to proceed in forma pauperis, (Docket No. 3), and a motion for the appointment of counsel, (Docket No. 4). Following Brown consenting to the full jurisdiction of a magistrate judge, (Docket No. 6), this court denied Brown's motion for appointment of counsel and motion to proceed in forma pauperis. (Docket No. 9.) Brown was ordered to pay the filing fee in this matter, which he did not March 8, 2010. Therefore, this court must now screen Brown's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Brown has failed to fully complete his petition, (<u>see</u> Docket No. 1 at 3-4), but a review of online court records, <u>see</u> Milwaukee County Circuit Court Case No. 2004CF6179, available at http://wcca.wicourts.gov, is able to fill in these gaps. Following a jury trial, on March 8, 2005,

Brown was convicted of one count of armed robbery, and on June 9, 2005, he was sentenced to 20 years of initial confinement to be followed by 5 years of extended supervision. Id. Brown appealed and on September 30, 2008, the court of appeals affirmed the judgment of the circuit court. See Wisconsin Court of Appeals Case No. 2007AP1383-CR, available at http://wscca.wicourts.gov. On February 10, 2009, the Wisconsin Supreme Court denied a petition for review. Id. Brown did not seek review by the United States Supreme Court. (Docket No. 1 at 4.)

Brown contends that he received ineffective assistance of counsel because his trial counsel failed to challenge the victim's identification of Brown, (Docket No. 1 at 6-8), and failed to conduct a proper investigation, (Docket No. 1 at 9).

Having conducted a preliminary review of Brown's petition, (Docket No. 1), and briefs in support, (Docket Nos. 2, 11), the court is unable to say that it plainly appears that the petitioner is not entitled to relief in the district court. Accordingly, the respondent shall be ordered to answer the petition.

**IT IS THEREFORE ORDERED** that a copy of Brown's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall file an answer to the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases, or a motion to dismiss within **60 days** after service of the petition.

**IT IS FURTHER ORDERED** that the petitioner may reply within **28 days** of the petitioner's answer or motion to dismiss.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
